IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CCC HOLDINGS INC. )<br>)<br>and )<br>)<br>AURORA EQUITY PARTNERS III L.P., )<br>)<br>Defendants. ) | No. 1:08-cv-02043-RMC |

## STIPULATED INTERIM PROTECTIVE ORDER

Counsel for the parties hereby stipulate that, unless and until such time as the Court enters a permanent protective order, they shall each abide by the terms of Plaintiff's proposed protective order, a copy of which is appended hereto. It is understood that this stipulation shall not prejudice defendants from opposing or seeking modification of any of the provisions of the aforesaid protective order and that this stipulation is intended only to secure confidentiality for documents related to this litigation pending action by the Court on a motion for a protective order.

_____          DATED: 4 Dec. 2008
GIBSON, DUNN & CRUTCHER LLP
Counsel for
CCC HOLDINGS INC.

_____          DATED: 12/4/08
O'MELVENY & MYERS LLP
Counsel for
AURORA EQUITY PARTNERS III L.P.

_____          DATED: 12/4/08
Counsel for Plaintiff
FEDERAL TRADE COMMISSION

**SO ORDERED.**

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE

Dated: _____, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20580<br><br>           Plaintiff,<br>v.<br><br>CCC HOLDINGS, INC.<br>222 Merchandise Mart Plaza, Suite 900<br>Chicago, IL 60654<br><br>and<br><br>AURORA EQUITY PARTNERS III L.P.,<br>10877 Wilshire Boulevard, Suite 2100<br>Los Angeles, CA 90025<br><br>           Defendants. | No. 1:08-cv-02043 (RMC) |

## **PROTECTIVE ORDER**

To ensure that matters raised by this proceeding are open to the public to the extent possible, and also that confidential information submitted by a defendant or any third party, whether pursuant to compulsory process or voluntarily, is not improperly disclosed, IT IS HEREBY ORDERED:

1. As used in this Order, "confidential material" or "confidential information" shall refer to any document or portion thereof that contains competitively sensitive information, including trade secrets or other confidential research, development, commercial or financial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Section 6(f) of the Federal Trade Commission Act, and in the cases so construing them, and in any rules promulgated pursuant to or in implementation of them. "Document" shall refer to any discoverable writing or recording, as defined in Rule 1001 of the Federal Rules of Evidence, or transcript of oral testimony in the possession of a party or a third party.

2. Any document or portion thereof submitted by any person during a Federal Trade Commission ("FTC") investigation by any person that is entitled to confidentiality under the

3

Federal Trade Commission Act, the Hart-Scott-Rodino Antitrust Improvements Act of 1976, or any regulation, interpretation, or precedent concerning documents in the possession of the Commission, as well as any information taken from any portion of such document, shall be treated as confidential material for purposes of this Order. The identity of a third party submitting such confidential material shall also be treated as confidential material for the purposes of this Order where the submitter has requested such confidential treatment, but defense counsel shall be permitted to disclose the identity of that third party submitter to a defendant 24 hours after notice has been given by defense counsel to the FTC that defense counsel intends to disclose the identity of that third party submitter to a defendant unless the third party or the FTC applies to the Court for an order precluding such disclosure.

3. The parties and any third parties, in complying with informal discovery requests or discovery requests served upon them pursuant to the Federal Rules of Civil Procedure, may designate any document or portion thereof submitted in response to such discovery requests as confidential material, including documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

4. The parties, in conducting discovery from third parties, shall attach to such discovery requests a copy of this Order so as to apprise such third parties of their rights herein.

5. A designation of confidentiality shall constitute a representation to the Court, in good faith and after careful determination, that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes confidential material as defined in Paragraph 1 of this Order.

6. Material may be designated as confidential by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof), or, if an entire folder or box of documents is confidential, by placing or affixing to that folder or box, the designation "CONFIDENTIAL" or "FILED UNDER SEAL" or any other

appropriate notice, together with an indication of the portion or portions of the document considered to be confidential material.

7. Confidential material shall be disclosed only to: (a) appropriate judges and court personnel; (b) FTC counsel, their associated attorneys, FTC Commissioners, and other employees or consultants of the FTC; (c) outside counsel of record for defendants ("outside counsel"), their associated attorneys and other employees of their law firm(s), provided they are not employees of a defendant; (d) anyone retained to assist outside counsel in the preparation or trial of this action (including expert witnesses and other consultants), provided they are not affiliated in any way with a defendant or with any other company or person involved in the sale of computer software systems used by automobile repair shops and insurance companies to estimate collision repair costs and replacement values for cars driven in the United States, and (e) any person who has been identified as an author or recipient of such confidential material, or who is an employee of the party (or its subsidiaries) or third party who produced the material.

8. Disclosure of confidential material to any person described in Paragraph 7 of this Order, or to any other person pursuant to Paragraph 12 of this Order, shall be only for the purposes of the preparation, hearing, and any appeal of this proceeding and any subsequent administrative proceeding arising from this transaction, and for no other purpose whatsoever.

9. Notwithstanding Paragraphs 7 and 8, the FTC may, subject to taking appropriate steps to preserve confidentiality: (1) disclose and use information that is confidential under Paragraph 2 of this Order to the extent permitted by the confidentiality provisions of applicable statutes and Commission rules, and (2) disclose and use confidential information obtained pursuant to this Order (a) in responding to a formal request (upon a majority vote or upon a Chairman's signature) or subpoena from either House of Congress or from any committee or subcommittee of the Congress, consistent with applicable law, including Section 7A(h) of the Clayton Act or Sections 6(f) and 21 of the Federal Trade Commission Act; and (b) in responding to a federal or state access request under Commission Rule 4.11(c), 16 C.F.R. § 4.11(c).

10. In the event that any confidential material is contained in any pleading, motion, exhibit or other paper (collectively the "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally submitted by a third party, the party including the materials in its papers shall immediately notify the submitter of such inclusion. Confidential material contained in the papers (including confidential material from both parties and third parties) shall remain under seal until further order of this Court; provided, however, that such papers may be furnished to persons or entities who may receive confidential material pursuant to Paragraph 7. Upon or after filing any paper containing confidential material, the filing party may file on the public record a duplicate copy of the paper that does not reveal confidential material. Further, if the protection for any such material expires, a party may file on the public record a duplicate copy which also contains the formerly protected material.

11. If counsel for a defendant or any other party plans to introduce into evidence any document or transcript containing confidential material produced by another party or by a third party, they shall provide advance notice to the other party or third party for purposes of allowing that party to seek an order that the document or transcript be granted *in camera* treatment. If such party wishes *in camera* treatment for the document or transcript, the party shall file an appropriate motion with the court within five days after it receives such notice. Except where such an order is granted, all documents and transcripts shall be part of the public record. Where *in camera* treatment is granted, a duplicate copy of such document or transcript with the confidential material deleted therefrom may be placed on the public record.

12. In the event any party seeks to disclose, to any person other than a person listed in Paragraph 7, any document or other material, or portion thereof, categorized as confidential under the terms of Paragraph 2 of this Order ("Paragraph 2 Material"), that is not "confidential material" as defined in Paragraph 1 of this Order, the party may identify to plaintiff, in writing, the material the party proposes to disclose and the name and title or position of each person to

whom the party proposes to disclose the material and request plaintiff to notify the submitter of the Paragraph 2 Material of the party's request. Following receipt of such request, plaintiff shall promptly notify the submitter of the Paragraph 2 Material of the request of such party for a waiver of confidential treatment of such Paragraph 2 Material, in order to allow the Paragraph 2 Material to be shown to the person or persons specified by the party, and shall inform the submitter that the submitter may consent to the request or may make written objection to the release of the affected Paragraph 2 Material by specifically identifying the confidential material and the reasons that confidential treatment is requested, within five days of the submitter's receipt of the notification, and that absent such an objection, the affected Paragraph 2 Material may be used for all purposes related to this litigation.

13. Nothing in this Order shall prevent any party from disclosing its own confidential material as it deems appropriate, provided however that disclosure to any person other than a person listed in Paragraph 7 of this Order or who otherwise has lawful access to the material shall result in a waiver of confidentiality as to the material disclosed. The party making any such disclosure shall promptly notify each other party and identify the material disclosed. Defendants acknowledge that nothing in this Order is intended to authorize defendants to exchange information in a manner that would constitute, in whole or in part, a premature consummation of the transaction that is the subject of this proceeding or otherwise violate the antitrust laws.

14. In the event that a party believes that another party or third party has designated material as confidential material that is not entitled to such protection, the parties and any affected third party shall confer and attempt to resolve the disagreement over the classification of the material. If the parties and any affected third party cannot resolve the matter, any party or the affected third party may submit the issue to the Court for resolution and shall provide reasonable notice thereof to the other parties and to any affected third party.

15. At the time that any consultant or other person retained to assist counsel in the preparation of this action, or any other person to whom disclosure is made pursuant to Paragraph

12 of this Order, concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential information. At the conclusion of this action, the parties shall return documents obtained in this action to their submitters, provided, however, that the FTC's obligation to return documents shall be governed by the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12.

16. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the parties or third parties to assert any applicable discovery or trial privilege. Nothing in this Order shall prejudice any party or non-party from seeking modification of this order or entry of a permanent protective order.

**SO ORDERED.**

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE

Dated: Washington, D.C.
         _____, 2008